IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| KATHERINE SARNOWSKI, Personal Representative of the Estate of Damion Banks,<br><br>                Plaintiff,<br><br>    v.<br><br>COLLETTE PETERS, Personally; TONIA RIDLEY, Personally; BRIDGETT WHELAN, Personally; JOHN MYRICK, Personally; and SGT. ANNETTE HOUSTON, Personally,<br><br>                Defendants. | Case No. 2:16-cv-00176-SU<br><br>**OPINION AND ORDER** |

SULLIVAN, United States Magistrate Judge:

       Before the Court is defendants' Motion to Compel Response to Defendants' First Request for Production of Documents and First Request for Interrogatories. (Docket No. 37). In her response to defendants' Motion, plaintiff claims she has cured any deficiencies in her responses

to defendants' discovery requests. (Docket No. 41). The Court has detailed the factual and procedural background of the parties' discovery disputes in its earlier Opinion and Order on plaintiff's Motion to Compel. (Docket No. 44). For the following reasons, the Court GRANTS defendants' Motion to Compel.

## LEGAL STANDARD

Under Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), a party may move for an order compelling answers to interrogatories or the production of requested documents.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

"Failure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection." L.R. 26-5(a); *see also* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived . . . .").

If the court grants a motion to compel discovery responses, "the court *must*, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

A party who "fails to obey an order to provide or permit discovery" may be sanctioned, including by rendering default judgment. Fed. R. Civ. P. 37(b)(2)(A), (b)(2)(A)(vi).

## ANALYSIS

Defendants seek an order compelling plaintiff to respond to their First Request for Production of Documents and First Set of Interrogatories. Defendants served those discovery requests, along with their First Request for Admissions, on April 7, 2017. Washington Decl. ¶ 2, Ex. 1-3 (Docket No. 38). Plaintiff's responses to those requests were due May 8, 2017. *Id.* On May 8, 2017, plaintiff provided "partial responses" to the requests for admission, but no responses to the requests for production or interrogatories. *Id.* ¶ 3. On May 9, 2017, defendants emailed plaintiff's counsel asking when they could expect responses to the requests for production and interrogatories, and plaintiff's counsel responded, "Soon." *Id.*, Ex. 4. On May 10, 2017, defendants again emailed plaintiff's counsel, stating that because plaintiff failed to respond to the requests for production or interrogatories, she waived her right to object to those requests. *Id.*, Ex. 5; Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Defendants also stated that because plaintiff had failed to respond to certain requests for admission, those requests would be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3). Washington Decl., Ex. 5 (Docket No. 38). "As of the date of the filing of Defendants' Motion to Compel, Plaintiff has yet to serve Defendants with any responses or objections to Defendants' discovery requests." *Id.* ¶ 3.

In her response to defendants' Motion, plaintiff asserts that "Defendants did not properly confer by phone or otherwise, prior to filing this Motion to Compel." Pl. Resp., at 1 (Docket No. 41). "However," plaintiff continues, "the issue is moot as Plaintiff has already produced responses this week that shall cure the deficiencies." *Id.* Plaintiff filed that Response on July 27, 2017. That Response provides no substantive objection to defendants' requests or Motion.

Plaintiff's argument that defendants did not comply with Local Rule 7-1(a)(1)(A)'s conferral requirement is misplaced; the June 14, 2017, Status Conference, in which the Court

addressed the parties' discovery disputes and gave them thirty days to submit their motions to compel (Docket No. 36), was the conferral.

The Court has reviewed defendants' discovery requests and finds that they are relevant and proportional, pursuant to Fed. R. Civ. P. 26(b)(1).

Because reply briefing is generally not permitted on motions to compel, L.R. 26-3(c), defendants have not had the opportunity to address whether plaintiff produced discovery responses that cure the alleged deficiencies, as counsel claimed. The Court assumes that plaintiff has indeed provided satisfactory responses to defendants' requests for production and interrogatories. Nevertheless, plaintiff has not objected to or disputed defendants' characterization of the parties' discovery conduct, including regarding plaintiff's failure to object to defendants' discovery requests or to timely respond. Accordingly, the Court GRANTS defendants' Motion to Compel. To the extent that plaintiff has failed to object or respond to defendants' discovery requests, she has waived any objection and shall fully and properly respond to them. Failure to so respond may result in the imposition of sanctions, including dismissal. Fed. R. Civ. P. 37(b)(2)(A)(vi).

Defendants, citing Fed. R. Civ. P. 37(a)(5)(A), request that the Court require plaintiff to pay defendants' expenses in bringing their Motion, including attorney's fees. Defendants, however, have provided no evidence of expenses or fees. (Plaintiff does not address the fees request in her Response.) The Court is unable presently to determine the merits, reasonableness, or amount of any costs or fees request. Defendants may separately move for an award of expenses, including by addressing the merits of any award and the amount requested.

## CONCLUSION

For these reasons, the Court GRANTS defendants' Motion to Compel Response to Defendants' First Request for Production of Documents and First Request for Interrogatories. (Docket No. 37). Plaintiff shall fully and properly respond to defendants' discovery requests, to the extent she has not done so already.

IT IS SO ORDERED.

DATED this 20th day of October, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge